1  Laurence Lang
   C-28866 CTF-C F-343
2  P.O. Box 689
   Soledad, CA 93960-0689

FILED
JAN 24 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT IN AND FOR

THE NORTHERN DISTRICT OF CALIFORNIA

Laurence Lang
petitioner

vs.

B. Curry
respondent

Case No. C 07-4239 VRW (PR)

REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE OF NEWLY PUBLISHED CASES: DANNENBERG II; HAYWARD v. MARSHALL.

TO THE HONORABLE VAUGHN R. WALKER, UNITED STATES DISTRICT CHIEF JUDGE, NORTHERN DISTRICT OF CALIFORNIA:

    Petitioner's case is currently under review by this court on habeas regarding the denial of parole by the Board of Parole Hearings at his 10th parole hearing held on December 7, 2004. Pursuant to Federal Rules of Evidence §201 (a) - (f), Petitioner ask the Court to take judicial notice of two newly published decisions entitled In re Dannenberg, _____ Cal. App. 4th _____, 68 Cal. Rptr. 3d 188 (2007); and Hayward v Marshall, _____, F. 3d _____, 2008 DJDAR 93 (2008), recently decided and published by the California Court of Appeals and the Ninth Circuit Court of Appeals involving parole suitability determinations. This Court may take judicial notice "at any stage in the proceedings" and may "take judicial notice of another Courts opinion." (See, Fed. Rules of Evid. §201(f) & Lee v. City of Los Angeles, 250 F. 3d 668, 690 (2001).

    In In re Dannenberg [Dannenberg II],_____Cal. App. 4th _____, 68 Cal.

1

1  Rptr. 3d 188 (2007), the California Court of Appeals again visited Mr.
2  Dannenberg's case in light of the Board's, then Governor's continued denial
3  of parole to Mr. Dannenberg and considering that the California Supreme Court
4  in In re Dannenberg, 34 Cal. 4th 1061 (2005), had previously found that there
5  was "some evidence" that the crime showed "an exceptionally callous disregard
6  for human suffering." (Dannenberg II 68 Cal. Rptr. 3d at 192). The Court
7  stated that their obligation to uphold this finding of "egregiousness" did
8  not require that they uphold the Governor's decision to deny petitioner
9  parole based on the offense. The court noted:

> Our deferential standard of review, which
> requires us to credit the Governor's finding
> if they are supported by a modicum of
> evidence that the commitment offense was
> "especially heinous" will **eternally** provide
> adequate support for a decision that the
> prisoner is unsuitable for parole. (Id. 68
> Cal. Rptr 3d at 195-196).

14 The court noted that since the decision in Dannenberg I, "the Courts of
15 Appeals have elaborated on the critical distinction between the **findings** that
16 the commitment offense was "especially egregious" and the **nexus** that links
17 the **findings** to the [Board's] **conclusion** that the prisoner **currently** poses an
18 unreasonable risk of danger to society if released." (Id. 68 Cal. Rptr. 3d at
19 195-196, emphasis on original). Dannenberg II granted habeas relief stating
20 that "while there is some evidence that Dannenberg's commitment offense was
21 'especially heinous,'... there is no longer any evidence that solely due to
22 the nature of Dannenberg's offense he **currently** poses an unreasonable risk of
23 danger to society." (Id. at 198).

24 In Petitioner's case, the offense occurred in 1980, and while the Board
25 granted his parole the Governor reversed Petitioner parole grant after his
26 10th parole consideration hearing held on May 1, 2006, the Governor never
27 presented any evidence "between (first) **finding** that the commitment offense
28 was 'especially heinous' and (secondly) that the **nexus** that (would) link that

2

findings to the [Governor's] conclusions that [Petitioner] currently poses an unreasonable risk of danger to society if released," [regarding] an offense that occurred more than a quarter century ago. (Dannenberg II, 68 Cal. Rptr. 3d at 195-196).

Lastly, the Ninth Circuit Court of Appeals held in Hayward, infra. that repetitive denials of parole based on the circumstances surrounding the commitment offense, despite the exemplary behavior and evidence of rehabilitation for a murder "which occurred twenty-five years ago, **cannot** demonstrate that Hayward's release would pose **imminent** danger to public safety." (Hayward v. Marshall, ___ F. 3d ___, 2008 DJDAR 93, 97 (9th Cir. 2008). The Ninth Circuit relied on Irons v. Carey, 2007 WL 2027359 at *6 to support said conclusions. (Id, at 96,98) In Petitioner's case he had been incarcerated 26 years at the time of the May 1, 2006 Parole hearing. That was Petitioner's 10th attempt at winning his parole. Petitioner was denied parole at all of his previous hearings for circumstances surrounding the commitment offense despite his post conviction accomplishments evidencing rehabilitation. The record shows this dating from:

- April 23, 1993 – denied two years;
- February 8, 1995 – denied two years;
- April 15, 1997 – denied one year;
- May 4, 1998 – denied one year;
- July 29, 1999 – denied one year;
- May 10, 2001 – denied one year;
- June 3, 2002 – denied one year;
- September 25, 2003 – denied one year;
- December 7, 2004 – denied one year;
- May 1, 2006 – Parole granted ultimately reversed by Governor;
- April 11, 2007 – denied one year.

Therefore, Petitioner ask the Court to take judicial notice and consider Dannenberg II and Hayward supra, to support Petitioner's claims that the Board's continued reliance on the circumstances surrounding the commitment offense to deny him parole violates due process of law.

//

VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Date: 1-22-08

Submitted: *[signature]*
Laurence Lang
Petitioner In Pro se

**PROOF OF SERVICE BY MAIL**

(C.C.P. §§1013A, 2015.5)

STATE OF CALIFORNIA )
                           ) SS.
COUNTY OF MONTEREY )

I, __Laurence Lang_____, am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am/~~am not~~ a party to the within action. My business/residence address is P.O. Box 689, Soledad, California, 93960-0689.

On __January 22nd_____, 20 __08__, I served the foregoing:

__Request for the Court to Take Judicial Notice of Newly Published Cases__

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Soledad, California, addressed as follows:

```
Office of the Attorney General           Office of the Clerk, U.S. District
Department Of Justice                    Court, Northern District Of California
455 Golden Gate Ave., Ste. 11000         450 Golden Gate Ave.
San Francisco, CA. 94102-7004            San Francisco, CA. 94102
```

There is regular delivery service by the U.S. Postal Service between the place of mailing and the places so addressed.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __22nd__ day of __January_____, 20 __08__, at Soledad, California.

/S/ __Laurence Lang__ (signature)