EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5531
 Fax: (415) 703-5843
 Email: Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Warden at the
Correctional Training Facility
SF2008400182

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LAURENCE DUANE LANG,**<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**BEN CURRY, Warden,**<br><br>　　　　　　　　　　Respondent. | No. C 07-4239 VRW (PR)<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PETITIONER LAURENCE DUANE LANG, IN PRO PER,

　　PLEASE TAKE NOTICE that Respondent Ben Curry, Warden at the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that Lang did not exhaust his state court remedies for all of his claims. This Motion is based on the Notice and Motion, the supporting Memorandum of Points and Authorities and exhibit, the Petition for Writ of Habeas Corpus, the court records in this action, and other such matters properly before this Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner Lang (C-28866) is a state prisoner serving an indeterminate life sentence and proceeding pro se in this matter. (Pet. 1-2.) In his federal habeas corpus petition, Lang challenges the Governor's September 22, 2006 decision not to release Lang on parole. Lang's sole assertion appears to be that the circumstances of Lang's commitment offense and his defunct parole plans are not some evidence supporting the Governor's decision to deny Lang parole. Respondent moves to dismiss the Petition because Lang failed to exhaust this claim in the California Supreme Court. Accordingly, this Court should dismiss the Petition.

## ARGUMENT

### THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS AN UNEXHAUSTED CLAIM.

This Court should dismiss the Petition because Lang did not exhaust his current claim in the California Supreme Court. A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

It is the petitioner's burden to prove he has exhausted his state court remedies before filing his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). Finally, a petitioner has not exhausted the available state court remedies "if he has the right under the law

1  of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

2  Here, Lang did not exhaust the available state court remedies before seeking federal habeas relief for his claim that the Governor's reliance on Lang's commitment offense and defunct parole plans were not some evidence supporting the Governor's decision denying Lang parole. Specifically, Lang did not assert this claim in his petition for review to the California Supreme Court. (Ex. 1.) Rather, in his California Supreme Court petition, Lang alleged that the Governor relied only on the circumstances of Lang's offense, and that his offense alone was not some evidence supporting the Governor's decision. (Ex. 1 at 3, 7-19.) By asserting that the crime alone was the basis of the Governor's decision, Lang invoked a specific review different than the review the California Supreme Court would have undertaken if Lang had alleged that the Governor also denied parole based on Lang's defunct parole plans. *In re Dannenberg*, 34 Cal. 4th 1061, 1094-95 (2005) (finding that if the executive decisionmaker relies solely on the circumstances of the crime to deny parole, "the violence or viciousness of the inmate's crime must be more than *minimally necessary to convict him* of the offense for which he is confined.")

Although Respondent disagrees with it, the Ninth Circuit Court of Appeals has taken the view that reliance on the circumstances of the offense alone to deny parole may eventually violate due process, as Lang asserted in the California Supreme Court. *E.g.*, *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003); By contrast, if Lang had asserted that the Governor's decision was based on Lang's crime and the fact that after the Board granted Lang parole, investigation revealed that Lang's parole plans were no longer valid, the judicial review under current Ninth Circuit jurisprudence would simply have entailed whether some evidence supported the Governor's decision. *Biggs*, 334 F.3d at 915; *accord In re Rosenkrantz*, 29 Cal.4th 616, 658. By failing to present the same some-evidence claim to the California Supreme Court, Lang's claim is unexhausted. *Kim*, 799 F.2d at 1318; *Rose v. Lundy*, 455 U.S. 509, 513 (1982) (when deciding that a total exhaustion rule should apply, the Court noted that there were "several instances of prosecutor misconduct never challenged in the state trial or appellate courts, or even raised in the respondent's habeas petition").

Further, Lang is not precluded from exhausting his state court remedies because the

California Supreme Court has original jurisdiction to review petitions for writs of habeas corpus. Cal. Const. art. VI, § 10. Thus, Lang can still file a habeas petition in the California Supreme Court alleging the unexhausted claims. Accordingly, Lang has not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003), and the Petition should be dismissed.

## CONCLUSION

Because Lang did not fairly present the claim he alleges in his federal Petition, that claim is not exhausted and this Court should dismiss the Petition.

Dated: March 7, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        DANE R. GILLETTE
        Chief Assistant Attorney General

        JULIE L. GARLAND
        Senior Assistant Attorney General

        ANYA M. BINSACCA
        Supervising Deputy Attorney General

        */s/ Denise A. Yates*

        DENISE A. YATES
        Deputy Attorney General

        Attorneys for Respondent Ben Curry, Warden at the Correctional Training Facility

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Lang v. Curry**

No.:   **C 07-4239 VRW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 7, 2008**, I served the attached

## RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINT AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Laurence Duane Lang, C-28866**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 7, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | *(signature)* |
| Declarant | Signature |

40226672.wpd