Laurence D. Lang
C-28866 CTF-C F-343
P.O. Box 689
Soledad, CA 93960-0689



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAURENCE D. LANG**<br>Petitioner,<br><br>**BEN CURRY,** (WARDEN)<br>Respondent. | CASE No. C 07-4239 VRW (PR)<br>**Petitioner's Opposition to**<br>**Respondent's Motion to Dismiss** |

**TO THE HONORABLE VAUGHN R. WALKER,** Chief Judge of the U. S. District Court For The Northern District of California.

    Petitioner, Laurence Lang, humbly submits this opposition to the motion filed by Respondent dated March 7th 2008.

    The Respondent is asking this court to either add or accept an exception that does not exist on the face of the holdings of the state's highest court in <u>Dannenberg</u>, at 34 Cal . 4th 1061, 1082, 1083, 1100 (2005), Something that this court can not constitutionally do. (See e.g. <u>Miller v. Superior Court</u>, (1968) 69 Cal. 2d 14, 69 CR 583 (creating exception not found in controlling authority is an act in excess of jurisdiction).)

    No where in <u>Dannenberg</u> did the court grant discretion to the Board to deny parole based on perceived "inadequate parole plans." Not even in dicta did the justices hold that, if factors other than the commitment offense can be used to deny parole, the Board need not explain what makes the offense so particularly egregious or cruel compared to other similar offenses. The Dannenberg Court simply stated, "...if the Board chooses to deny parole based on the commitment offense, it must explain the aggravating factors that go beyond the minimum

1 necessary to sustain a conviction for that offense." (Id., Dannenberg) A requirement the governor
2 here refused to comply with.
3       The controlling statute California Penal Code section 3041(b) only allows a denial of
4 parole if the prisoner poses a current "unreasonable risk to public safety." The Governor did
5 not draw a connection between Petitioner Lang's Parole plans and how that would pose an
6 unreasonable risk to public safety and was therefore "otherwise arbitrary" (see Superintendent v.
7 Hill)
8       The Governor's assertions made about petitioner's parole plans were at best inaccurate.
9 (See Pain v. Baker, (1979) 595 F. 2d 197 "[i]f materially false or inaccurate information is relied
10 on to deny parole, or statutory good-time credits, the inmate's conditional liberty interest is at
11 stake and the due process clause should be called into play.")
12       The Governor never truly denied petitioner's release for his "defunct parole plans" as
13 suggested by Respondent. Instead The Governor based his reversal on petitioner's **commitment**
14 **offense.** Therefore, petitioner pursued to challenge the Governor's reversal of his parole grant
15 on *that* due process *theme*. Petitioner raised these greater issues of the constitutional violations
16 of his 5th and 14th Amendment rights to the Superior Court, the California Court of Appeals
17 and the California Supreme Court. The Respondent is mistaken when it suggests that petitioner
18 failed to exhaust his claims with the highest state court. Having inadequate parole plans in no
19 way automatically renders an ex-felon a to threat public safety. This issue by Respondent is not
20 supported by the California Penal Code and therefore, must be rejected.
21       Therefore, Petitioner request that this court not only deny the Respondent's motion to
22 dismiss, but also order the Respondent to Answer the original Order to Show Cause, so that this
23 matter will proceed and not continue to harm petitioner by restricting him of his rightly earned
24 liberty as awarded by the Board of Parole Hearings.
25 Date: **March 16, 2008**    Respectfully submitted, *Laurence Lang*
    **Laurence D. Lang**, Petitioner, In Pro Se
26
27 //
28 //

2

1 **VERIFICATION**

2     I, LAURENCE D. LANG, am a real party to this action and submit that the foregoing
3 is true and correct. I swear under penalty of perjury that the citations and statements included in
4 this motion are accurate, correct, and true as I understand them.
5
6 Date: **March 16, 2008**    Respectfully submitted, _/s/ Laurence Lang_
7                                         **Laurence D. Lang,** Petitioner, In Pro Se
8 //
9 //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**PROOF OF SERVICE BY MAIL**

(by a person in state custody)
Federal Ruled of Civil Proceedure, Rule 5
28 U.S.C. §1746

STATE OF CALIFORNIA )
) SS.
COUNTY OF MONTEREY )

I, _____Laurence D. Lang_____, am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am /am not a party to the within action. My business/residence address is the Correctional Training Facility, P.O. Box 689, Soledad, CA 93960-0689.

On _____March 16_____, 2008, I served the following:

_____Opposition to Respondent's Motion to Dismiss_____

_____Case No. C 07-4239 VRW (PR)_____

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States Mail in the institution's United States Mailbox at the Correctional Training Facility, Soledad, California, addressed as follows:

```
United States District Court          Office of the Attorney General
Northern District of California       Department of Justice
450 Golden Gate Ave.                  455 Golden Gate
San Francisco, CA 94102               Ave., Suite 11000
                                      San Francisco, CA 94102-3664
```

There is a regular service by the United States Postal Service between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __16th__ day of __March__, 2008, at Soledad, California.

/S/ _Laurence Lang_