1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8    Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Ben Curry, Warden at the
9  Correctional Training Facility
   SF2008400182

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURENCE DUANE LANG,<br><br>   Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>   Respondent. | No. C 07-4239 VRW (PR)<br><br>**RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS** |

Respondent moves to dismiss Lang's Petition because he did not exhaust his claim in the California Supreme Court. Lang's current claim is that the Governor's reliance on Lang's commitment offense and defunct parole plans were not some evidence supporting the Governor's decision denying Lang parole. Yet, in his petition for review to the California Supreme Court, Lang alleged that Governor relied only on the circumstances of Lang's offense, and that his offense alone was not some evidence supporting the Governor's decision. Lang's contentions in opposition are without merit, and this Court should grant Respondent's motion.

Lang contends that because the California Supreme Court in *In re Dannenberg*, 34 Cal.

1  4th 1061 (2005) did not hold that the Board could deny parole based on inadequate parole plans,
2  the Board could not validly rely on that factor. Lang's contention is incorrect but more
3  importantly, it does not address his failure to exhaust his current claim in the California Supreme
4  Court.

5    Lang also contends that the Governor did not rely on Lang's inadequate parole plans
6  when denying him parole. Lang is again incorrect, and his contention is disingenuous. In his
7  Petition, Lang asserts: "The Governor identified two factor[s] supporting his decision to reverse
8  the BPH decision to find Lang unsuitable for parole, i.e., the circumstances of the commitment
9  offense and Lang's parole plans." (Pet. 6-K.) Later, Lang contends that the Governor's reliance
10 on Lang's parole plans lacked evidentiary support. (Pet. 6-M.) Thus, because sole reliance on
11 the commitment offense triggers a different judicial review than reliance on the offense plus
12 additional factors, Lang did not fairly present his current claim to the California Supreme Court
13 by contending that the Governor's reliance on the offense alone was insufficient. Accordingly,
14 this Court should grant Respondent's motion and dismiss Lang's Petition.

15   Dated: March 25, 2008      Respectfully submitted,

16                 EDMUND G. BROWN JR.
                   Attorney General of the State of California
17                 DANE R. GILLETTE
                   Chief Assistant Attorney General
18
                   JULIE L. GARLAND
19                 Senior Assistant Attorney General

20                 ANYA M. BINSACCA
                   Supervising Deputy Attorney General

21

22                 /s/ Denise A. Yates
                   DENISE A. YATES
23                 Deputy Attorney General

24                 Attorneys for Respondent Ben Curry, Warden at the
                   Correctional Training Facility
25

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Lang v. Curry**

No.:  **C 07-4239 VRW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 25, 2008**, I served the attached

### RESPONDENT'S REPLY YO PETITIONER'S OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Laurence Duane Lang, C-28866**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 25, 2008**, at San Francisco, California.

|  |  |
| --- | --- |
| J. Palomino | *[signature]* J. Palomino |
| Declarant | Signature |

40233212.wpd